UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 02 CR 635-5 |
| | ) | |
| PRINCE TURNER, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendant Prince Turner, Jr. ("Turner") for a modification of an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c). For the reasons set forth below, we deny Turner's motion.

## BACKGROUND

On October 31, 2003, Turner pleaded guilty to one count of conspiring with intent to distribute and to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846. As a result of Turner's substantial assistance to the United States, he and the government entered into a plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C). In exchange for Turner's cooperation, the Government agreed to recommend to the court a sentence of seventy-five percent of the low end of the guidelines range or seventy-five percent of the statutory mandatory minimum, whichever was greater. In the plea, Turner

admitted that he had participated in a conspiracy that involved more than 150 kg of cocaine and more than 1.5 kg of cocaine base. The Court accepted the plea and imposed a sentence of 243 months' imprisonment on March 4, 2004.

On January 12, 2006, the government made a motion pursuant to Fed. R. Crim. P. 35 for a reduction of Turner's sentence due to his ongoing cooperation. We granted the government's motion on March 13, 2006, and reduced Turner's sentence to 156 months.

In 2007, the United States Sentencing Commission issued Amendments 706 and 711 to the sentencing guidelines, "which retroactively reduced by two offense levels certain crack offenses and provided instruction on how to calculate the base offense level for offenses involving crack and another drug type." *United States v. Woods*, 581 F.3d 531, 537 (7th Cir. 2009). Turner now moves to modify his term of imprisonment based upon these amendments under 18 U.S.C. § 3582(c)(2).

## DISCUSSION

The government contends that Turner is ineligible for a sentence modification under § 3582(c)(2) because of the prior sentence reduction Turner received pursuant to Fed. R. Crim. P. 35. Once a defendant has been sentenced in a criminal case, a district court can modify the term imposed only in certain circumstances. 18 U.S.C. § 3582(c). Section 3582(c)(2) provides that a court may reduce the sentence of "a defendant who

has been sentenced to a term of imprisonment *based on a sentencing range* that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)" (emphasis added). A defendant who previously obtained a sentence reduction pursuant to Rule 35 based upon considerations that are "in no way based on or affected by [the] otherwise applicable sentencing range" did not receive a sentence based on the Sentencing Guidelines and may not seek further modification of his or her sentence under 18 U.S.C. § 3582(c). *United States v. Poole*, 550 F.3d 676, 680-81 (7th Cir. 2008). We granted the government's Rule 35 motion for reasons independent of the relevant guideline range. Therefore, Turner does not qualify for modification of his sentence under 18 U.S.C. § 3582(c).

The government also argues that Amendments 706 and 711 do not lower the sentencing range that would have applied in Turner's case. In his plea, Turner admitted that he was responsible for over 150 kilograms of powder cocaine in addition to the 1.5 kilos or more of crack cocaine. Even if we entirely discounted the crack cocaine for which Turner was responsible, his base offense level would remain at 38 based solely on the amount of powder cocaine for which he assumed responsibility. *See United States v. White*, 582 F.3d 787, 798-99 (7th Cir. 2009). In short, 18 U.S.C. § 3582(c)(2) cannot provide any relief to Turner because of the quantity of powder cocaine involved in his case.

## CONCLUSION

Turner's motion for a modification of an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c) is denied.

Charles P. Kocoras
United States District Judge

Dated:     June 16, 2010